# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
June 20, 2023

Lyle W. Cayce
Clerk

————————

No. 22-60558
Summary Calendar

————————

MARICELA MICHELL SIERRA NAJERA; ANTONY DARIEL SIERRA NAJERA,

*Petitioners*,

*versus*

MERRICK GARLAND, *U.S. Attorney General*,

*Respondent*.

———————————————————————————

Petition for Review of an Order of the
Board of Immigration Appeals
Agency Nos. A206 776 451,
A215 948 282

———————————————————————————

Before HIGGINBOTHAM, GRAVES, and HO, *Circuit Judges*.

PER CURIAM:*

   Maricela Michell Sierra Najera, a native and citizen of Honduras, and her son, Antony Dariel Sierra Najera, petition for review of the decision by Board of Immigration Appeals (BIA) dismissing their appeal from the immigration judge's (IJ) denial of Maricela's application for asylum,

———————————

* This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

No. 22-60558

withholding of removal, and protection under the Convention Against Torture (CAT). Because Antony is Maricela's derivative beneficiary, only Maricela will be hereinafter referred to.

We review the BIA's decision and will consider the IJ's underlying decision only if it impacted the BIA's decision as it did here. *See Sharma v. Holder*, 729 F.3d 407, 411 (5th Cir. 2013). Findings of fact, including the denial of asylum, withholding of removal, and CAT protection, are reviewed under the substantial evidence standard. *Chen v. Gonzales*, 470 F.3d 1131, 1134 (5th Cir. 2006). Conclusions of law are reviewed de novo. *Sharma*, 729 F.3d at 411. Whether we have jurisdiction is also reviewed de novo. *Arulnanthy v. Garland*, 17 F.4th 586, 592 (5th Cir. 2021).

Before reaching the merits of Sierra Najera's petition, the Government asserts that her arguments regarding the BIA's legal errors in dismissing her appeal are unexhausted—thereby depriving the court of jurisdiction—because she did not first raise them before the BIA in a motion to reconsider. However, the Supreme Court in *Santos-Zacaria v. Garland*, 143 S. Ct. 1103, 1119-20 & n.9 (2023), recently held that exhaustion under 8 U.S.C. § 1252(d)(1) does not require an alien to file a motion for reconsideration where an issue for review arises in the BIA's decision, i.e., alleged BIA error, because it is not a remedy available as of right. *See Santos-Zacaria*, 143 S. Ct. at 1119-20 & n.9. Thus, we have jurisdiction to review her claims.

We reject Sierra Najera's next argument that the BIA reviewed the IJ's decision with the incorrect and more deferential standard of review because it is premised on her conflation of the gang members' motives (criminal, financial) in order to determine persecution with whether the Honduran government is unable or unwilling to protect her from said persecution, both of which must be satisfied in order to prevail on her asylum

claim. *See Jaco v. Garland*, 24 F.4th 395, 401, 406-07 (5th Cir. 2021). Her argument that the BIA erred by only evaluating the state action element of her CAT claim instead of evaluating both elements similarly lacks merit. *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach.").

She then argues that the BIA failed to address country data evidence regarding gang violence in Honduras or "properly" explain its denial of her CAT claim.  However, while the BIA did not cite the specific evidence to which Sierra Najera refers, it did acknowledge the problems of crime and violence in Honduras, and its decision reflects meaningful consideration of her CAT claim as it dedicated a lengthy paragraph to the issue with references to the record and case law. *See Abdel-Masieh v. U.S. I.N.S.*, 73 F.3d 579, 585 (5th Cir. 1996) (holding that the BIA is not required to "address evidentiary minutiae or write any lengthy exegesis" and that "its decision must reflect meaningful consideration of the relevant substantial evidence supporting the alien's claims").

Her argument that the BIA erred in citing *Matter of A-B-*, 27 I. & N. Dec. 316 (U.S. Att'y Gen. 2018) is abandoned because she did not explain why exactly the case should be remanded for this reason. *See Soadjede v. Ashcroft*, 324 F.3d 830, 833 (5th Cir. 2003).  Finally, this court has rejected Sierra Najera's last argument that the BIA erred in holding that because she could not satisfy the standard for asylum, she necessarily could not establish the showing for withholding of removal. *See Vazquez-Guerra v. Garland*, 7 F.4th 265, 271 (5th Cir. 2021), *cert. denied*, 142 S. Ct. 1228 (2022).

Accordingly, the petition for review is DENIED and the Government's motion for summary disposition is DENIED as moot.